UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WALLER,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF<br>AMERICA, et al.,<br><br>　　　　　Respondents. | Case No. CV 13-5705 JAK (MRW)<br><br>ORDER DISMISSING ACTION |

　　The Court vacates the reference of this action to the Magistrate Judge and dismisses the action without prejudice.

　　　　　　　　　　　　　* * *

　　The IRS is examining Petitioner William Waller's tax liability for the 2012 tax year. As part of the examination, an IRS agent issued a summons to a bank to produce Petitioner's account records. Petitioner filed this action in federal court to quash the IRS summons.

　　In October 2013, the government moved to dismiss the action. (Docket # 7.) The government asserts that the Court does not possess subject matter

jurisdiction over the action because Petitioner failed to comply with a statutory time limit to commence this action. Additionally, the government contends that Petitioner failed to state a prima facie case for relief under United States v. Powell, 379 U.S. 48 (1964).

The Court ordered Petitioner to respond to the motion by December 18, 2013. (Docket # 10.) To date, however, Petitioner has failed to file anything with the Court.

\* \* \*

The Court afforded Petitioner adequate time – six weeks – to submit a response to the government's dismissal motion. However, Petitioner has not filed an opposition to the motion or any other statement with this Court. Central District of California Local Rule 7-12 states that the "failure to file any required document [ ] may be deemed consent to the granting or denial of the motion." Pursuant to the Local Rule, the Court considers the government's dismissal motion to be unopposed. On that basis, the motion should be granted.

Dismissal is also appropriate under Federal Rule of Civil Procedure 41(b). Rule 41 permits dismissal for failure to prosecute or to comply with a court order. The Court may order dismissal pursuant to Rule 41 sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

In the present action, the Court finds dismissal is appropriate. Petitioner failed to comply with the Court's clear and direct instruction to respond to the government's motion. As a result, the Court concludes that Petitioner does not wish to advance his case here. By contrast, the Court, the government, and the public have a strong interest in terminating this action. Furthermore, because Petitioner is a pro se litigant who failed to respond to the government's motion and the Court's scheduling order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court finds that dismissal is appropriate under Rule 41(b).

Finally, this dismissal is consistent with the reasoning in Heinemann v. Satterberg, 731 F.3d 914 (9th Cir. 2013). In Heinemann, the Ninth Circuit held that a district court may not grant summary judgment and make findings of fact under local rule simply because a summary judgment motion was unopposed. However, in the present action, the Court makes no factual findings regarding the merits of Petitioner's claims; rather, his failure to respond to the motion is sufficient to warrant acceptance of the government's legal analysis of Plaintiff's claims.

Accordingly, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: January 22, 2014

HON. JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE